UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 1:18-cr-00007 |
| | ) | JUDGE RICHARDSON |
| BERNARDINO BARAJAS | ) | |

MEMORANDUM OPINION

Pending before the Court is Defendant's pro se "Motion pursuant to the First Step Act" (Doc. No. 72, "Motion"), to which the Government has filed a response in opposition (Doc. No. 75), to which Defendant filed a reply (Doc. No. 76, "Reply"). Defendant also filed a notice of supplemental authority (Doc. No. 77).

In several respects, Defendant's arguments (not atypically for legal arguments presented by laypersons) are hard to follow, and they reflect various misunderstandings about the law.[1] But it is clear that the Motion is one for so-called "compassionate release," i.e., a motion to modify (reduce) Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A) based on alleged extraordinary and compelling reasons.[2]

---

[1] For example, Plaintiff asserts in his Reply that the Government "fails to acknowledge that [his] Motion requesting Compassionate Release is submitted under the First Step Act (2018)'s, change in law . . . ." (Doc. No. 76 at 3). But the Court does not see how any of the changes that the First Step Act made with respect to motions for compassionate release—which Defendant describes as the expansion of the eligibility criteria for compassionate release and the brand-new authorization for a prisoner to file his own motion for compassionate release once the Bureau of Prisons (BOP) has denied a prisoner's request for BOP to file such a motion, (*id.*)—strengthens, or has any effect at all upon, the substantive basis for Defendant's Motion. That basis—his "attempt crimes are not drug trafficking crimes" argument—is patently without merit, irrespective of anything that the First Step Act does or does not do.

[2] A motion under Section 3582(c)(1)(A) is a motion for a reduction in sentence, including but not limited to reductions that would result in the defendant-movant's immediate release. The granting of a motion for sentence *reduction* under Section 3582(c)(1)(A) would not necessarily result in the defendant's immediate *release*. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *8 (D. Utah Feb. 18, 2020) (quoting *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 at *4 (D. Neb. Nov. 14, 2019)). Nevertheless, such motions generally are known as ones for "compassionate release." *Id.* at n.2 ("In this order, the court uses the phrase 'compassionate

As background, the Court notes Defendant pled guilty to each of the three counts of the Superseding Indictment, which read as follows:

### COUNT ONE

THE GRAND JURY CHARGES:

On or about July 18, 2017, in the Middle District of Tennessee, **BERNARDINO BARAJAS** did knowingly and intentionally attempt to possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

THE GRAND JURY FURTHER CHARGES:

On or about July 18, 2017, in the Middle District of Tennessee, **BERNARDINO BARAJAS** knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: attempted possession with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

---

release' and 'sentence modification' interchangeably, which is consistent with how other courts have used the terms."); *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *1 (W.D. Tenn. June 8, 2020). This reflects the fact they typically do seek immediate release rather than a mere reduction in sentence that would result in an earlier release someday but not immediately.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

On or about July 18, 2017, in the Middle District of Tennessee, **BERNARDINO BARAJAS**, having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, firearms, to wit: a CVA, Model Elite Stalker, caliber 45-70 rifle; a Savage Arms, Model Mark II, caliber .17 rifle; a Chinese SKS, Model SKS, caliber 7.62x39mm rifle; a Strum Ruger & Company, Model New Model Super BlackHawk, caliber .44 revolver; an Amadeo Rossi, Model M68, caliber .38 Special revolver; a Glock, Model 26, caliber 9mm pistol; an HS Produkt, Model XDM-45ACP 4.5, caliber .45 pistol; a Taurus, Model 85, caliber .38 Special revolver; a Taurus, Model PT92AF, caliber 9mm pistol; Remington 9mm ammunition (9 rounds); and Norinco 9mm ammunition (1 round).

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

(Doc. No. 15 at 1-2). Notably, Defendant calls the crime charged in Count 1 an "attempted [p]ossession with [i]ntent to [d]istribute offense." (Doc. No. 72 at 5). This terminology is appropriate; Count 1 happens to charge possession with intent to distribute a particular controlled substance in a particular amount (i.e., 50 grams or more of methamphetamine), but his below-referenced argument would apply equally to *any* felony charge of attempted possession with the intent to distribute *any controlled substance in any amount*.

On May 6, 2019, Defendant was sentenced to a term of imprisonment of 180 months total, allocated as follows: 120 months on Count 1, to run concurrently with 30 months on Count 3, and 60 months on Count 2 to run consecutive to the concurrent sentences on the other two counts. (Doc. No. 53 at 3). Defendant continues to serve that sentence in the custody of BOP.

Defendant challenges in particular his 60-month consecutive sentence on Count 2, arguing essentially that the conviction on Count 2 must be vacated because a required element of Count 2 is missing as a matter of law. The argument in essence starts with the correct observation that the crime charged in Count 1 is alleged to be the predicate "drug trafficking offense" necessary for conviction on Count 2 (which charges a violation of 18 U.S.C. § 924(c)(1)(A)). Defendant then makes the following argument, which the Court will call the "attempt is not a drug trafficking crime" argument: a crime of attempted possession with the intent to distribute a controlled substance, such as the crime charged in Count 1, is not a "drug trafficking crime as it must be for Defendant's conviction on Count 2 to be valid.

The Government bypasses the "attempt is not a drug trafficking crime" argument altogether, making instead the argument (which the Court need not reach) that the Motion is simply not cognizable because (according to the Government) the relief he seeks is properly sought only via a motion under 28 U.S.C. § 2255. But even assuming arguendo that the Motion is cognizable, "the attempt is not a drug trafficking crime" argument is patently without merit. For purposes of Section 924(c)(1)(A), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). The crime charged in Count 1 is a violation of 21 U.S.C. § 846, which is part of the Controlled Substances Act. The crime certainly a felony, being punishable (under the Controlled Substances Act, as noted) by up to life in prison, since it involved 50 grams or more of methamphetamine. *See* 21 U.S.C. § 846 & 841(b)(1)(A)(viii). Thus, like any felony charge of attempt to possess with the intent to distribute a controlled substance in violation of 21 § 846, the crime charged in Count 1 is a "drug trafficking crime" for purposes of Section 924(c)(1)(A). *See <u>United States v. Smith</u>*, 962 F.2d 923,

932-33 (9th Cir. 1992) ("Section 924(c) authorizes the imposition of cumulative punishment for the use of a firearm in relation to any federal drug trafficking crime . . . . Attempt to possess a controlled substance with intent to distribute is such a crime. Moreover, the statute goes on to define 'drug trafficking crime' to include any offense included in the Controlled Substances Act.") (citing 18 U.S.C. § 924(c)(2)).

Defendant provides absolutely no authority to the contrary. And the cases that he does cite are manifestly inapplicable to whether a felony count of attempted possession with the intent to distribute a controlled substance is a "drug trafficking offense," as defined in 18 U.S.C. § 924(c)(2), for purposes of 18 U.S.C. § 924(c)(1)(A). In short, Count 2 is clearly predicated on a "drug trafficking crime," and Defendant's "attempt is not a drug trafficking crime" argument fails.

The Court does not perceive, from any of Defendant's (largely confusing) filings, any basis for finding "extraordinary and compelling reasons" as necessary to grant Defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A)—or for that matter the First Step Act or any other provision of law—once the "attempt is not a drug trafficking crime" argument is disposed of. Accordingly, the Motion (Doc. No. 72) will be denied.[3]

An appropriate accompanying order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] Defendant does make one other argument, but it can be rejected quickly. He claims that his 120-month sentence on Count 1 is "incorrect" because (according to him) the top of the applicable guideline range on that Count is much lower than 120 months. (Doc. No. 72 at 8). The guideline range is irrelevant here, however, because (as Defendant was advised at the time of his guilty plea and likewise at the time of his sentencing), the mandatory minimum sentence on Count 1 was (and is) 120 months.